## TAYLOR *v*. THE STATE.

CRIMINAL LAW.—*Court of Common Pleas.*—*Jurisdiction of Felony.*—A person having been committed to jail for want of bail on being found guilty before a mayor, on a charge of petit larceny, upon an affidavit which was defective in that it did not.allege to whom the stolen property belonged, and being still so confined, and the court of common pleas being in session, the attorney for the State was permitted by the court, over the objection of the prisoner, to file an affidavit charging the prisoner with the larceny, and alleging to whom the property belonged, and also an information thereon which, after charging the offense,.alleged,.that the defendant was then confined in the jail of the county upon said charge, and upon no other whatever, and that no indictment had been returned thereon by a grand jury. *Held*, that this ruling was not erroneous.

*Held*, also, that it was a question of fact for the jury, whether the new affidavit and the information charged the same offense as that upon a charge of *which the* defendant was in custody, as was necessary in order to give the court jurisdiction.

APPEAL from the Knox Common Pleas.

ELLIOTT, J.—The appellant was convicted on an information in the Knox Common Pleas, for petit larceny, in feloniously stealing a pair of lady's gaiter shoes, of the value of three dollars and fifty cents, the personal goods of John B. LaPlante and Peter E. LaPlante, and was sentenced to pay a fine of three dollars, be imprisoned in the county jail six days, and be disfranchised and rendered incapable of holding any office of trust or profit for one year.

It appears by a bill of exceptions, that the appellant was charged with the larceny upon affidavit filed before the mayor of the city of Vincennes, upon which a writ was issued, the appellant arrested, tried, and found guilty, and for the want of bail was committed to prison. The affidavit on which the warrant issued was defective, in this: it did not allege to whom the stolen property belonged. On the 8th of January, 1868, the appellant still being in prison on said charge, and the court of common pleas being in session, the attorney for the State was permitted by the court, over the objection of the appellant, to file an affidavit charging the defendant with the larceny, and alleging

the shoes to be the property of John B. and Peter E. La-Plante, and also an information founded thereon.

It is insisted that the court erred in this ruling. We do not think so.

The statute confers on the court of common pleas jurisdiction of felonies not punishable with death, concurrent with the circuit court, when the accused is in custody on the charge of such felony, before indictment by the grand jury.

The information filed in this case, after charging the offense, alleged that the appellant was then "confined in the jail of Knox county upon said charge, and upon no other whatever, and that no indictment had been returned thereon by a grand jury." But it is argued that the offense charged in the affidavit and information is not the same as that upon which the appellant was in custody, because of the failure to allege the ownership of the property in the affidavit filed before the mayor.

Such a conclusion does not necessarily follow. The information alleged that the defendant was in custody upon a charge of the same offense, and no other. This was a material averment, necessary to give the court of common pleas jurisdiction. It was a question of fact, to be determined by the jury on the trial of the cause. If the larceny charged in the information, and for which the defendant was put upon trial, was, in fact, the same as that upon the charge of which he was in custody, the court of common pleas had jurisdiction; and the defect in the affidavit upon which he was arrested before the mayor, in failing to state the names of the owners of the stolen goods, did not change the fact of the identity of the offense, and was, therefore, immaterial. The defect was cured by the new affidavit, which, however, did not charge a different offense, but only properly charged that upon which the appellant was then in custody.

The same question was again raised on the evidence, and

by a motion in arrest. The verdict was clearly right from the evidence.

Judgment affirmed, with costs.

*O. F. Baker*, for appellant.

*D. E. Williamson*, Attorney General, for the State.